# IN GENERAL TERM, 1871.

JOHN HEDRICK, Appellant, *v.* HENRY KRAMER.

Appeal from RAND, Judge.

*Costs—Rule as to, in Superior Court.*

The rule as to costs under Section 337, of the Code, applies as well to actions begun, and determined in the Superior Court.

*Spahr & Daily*, for defendant.

*Woollen & Ruddell*, for appellee.

BLAIR, J.—This was a suit commenced in this Court to · recover on a breach of warrants in the sale, or exchange of personal property.

Hedricks *v* Kramer.

There was a trial at Special Term, and the plaintiff recovered a verdict, and judgment for thirty dollars.

The defendant then moved to tax the costs to the plaintiff, which motion the Court sustained. To this the plaintiff excepted; and this is the only error presented in the case.

It is urged that the 397th Section of the Code (2 G. & H., p. 227,) which provides that in actions commenced in "the Circuit Court, or Common Pleas, if the plaintiff recover less than fifty dollars exclusive of costs, he shall pay costs, &c.," does not apply to this Court, for the reason, that at the time of the passage of that Act this Court was not organized, and the Act establishing it contains no express provisions extending the provisions of the Section cited to the Superior Court.

It is true the Act organizing this Court does not in express terms extend the above provision to this Court. It was evidently the intention of the Section cited, that actions where the recovery would be less than fifty dollars should be brought in Justices' courts, and the Act organizing this Court was evidently not intended to change that rule. This Court was organized to transact that class of litigation which was crowding the dockets of the Circuit, and Common Pleas Courts, and not to relieve the dockets of Justices of the Peace. The whole context of the Act establishing this Court shows that it was the intention of the Legislature that the same rule as to costs should apply in this Court that prevail in the Circuit and Common Pleas Courts. This is in accordance with the rule of construction announced by Chief Justice Marshall.

" The spirit as well as the letter of a statute must be respected, and where the whole context of the law demonstrates a particular intent in the Legislature to effect a certain object, some degree of implication may be called in to aid the intent." *Derousseau et al* v. *The United States*, 6 Cranch, 307.

The judgment in Special Term is affirmed.